# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL GERMANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06 CV 5638 |
| INTERNATIONAL PROFIT ASSOCIATION, | ) Senior District Judge George W. Lindberg |
| INC., INTEGRATED BUSINESS ANALYSIS, | ) |
| INC., and INTERNATIONAL TAX ADVISORS, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On December 29, 2006, Plaintiff Michael Germano filed his amended complaint against Defendants International Profit Association, Inc. ("IPA"), Integrated Business Analysis, Inc. ("IBA"), and International Tax Advisors, Inc. ("ITA") (collectively, "Defendants"). In his amended complaint, Plaintiff alleges that Defendants violated the Americans with Disabilities Act ("ADA") by failing to hire him as a tax consultant. Specifically, Plaintiff alleges that Defendants failed to hire him because he is deaf. On September 12, 2007, Defendants filed a renewed motion for summary judgment with respect to Plaintiff's ADA claim. IPA and IBA filed a separate motion for summary judgment that same day. Defendants' renewed motion for summary judgment is granted. IPA's and IBA's separate motion for summary judgment is denied without prejudice as moot.

*Analysis*

The entry of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Carter v. Am. Oil Co.*, 139 F.3d 1158, 1161 (7th Cir. 1998). To

support a finding that Defendants are entitled to a judgment as a matter of law, "'the record must reveal that no reasonable jury could find for the nonmoving party.'" *Keri v. Bd. of Trustees of Purdue Univ.*, 458 F.3d 620, 627 (7th Cir. 2006) (citation omitted). When ruling on a summary judgment motion, the Court "must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party." *Keri*, 458 F.3d at 628 (citations omitted); *but see McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir. 2003) (courts "'are not required to draw every conceivable inference from the record'") (citation omitted). While discharging this responsibility, the Court must refrain from "evaluat[ing] the weight of the evidence,. . .judg[ing] the credibility of witnesses, or. . .determin[ing] the truth of the matter. . . ."[1] *Keri*, 458 F.3d at 628 (citations omitted).

Because Defendants have filed summary judgment motions in this case, they "bear[] the initial responsibility of informing" the Court of the grounds for their motions and identifying those portions of the record which they "believe[] demonstrate the absence of a genuine issue of material fact." *Id.* at 627-28 (citation omitted). Defendants may fulfill this responsibility "by simply 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the non-moving party's case." *Id.* at 628 (citation and quotation marks omitted). On the other hand, the law is clear that "[t]o survive summary judgment, the nonmoving party must make a sufficient showing of evidence for each essential element of its case on which it bears the burden at trial." *Salas v. Wis. Dep't of Corrections*, 493 F.3d 913, 921 (7th Cir. 2007) (citation omitted). In other words, "the non-moving party must do more than raise some metaphysical doubt as to the material

---

[1] That noted, "district courts should thoroughly consider challenges to the admissibility of evidence before ruling on summary judgment motions, as 'when acting on a motion for summary judgment, the judge [should] consider[] only evidence that would be admissible at trial.'" *McKinney v. Duplain*, 463 F.3d 679, 692 n.5 (7th Cir. 2006) (citation omitted).

facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial." *Keri*, 458 F.3d at 628 (citations omitted); *see also Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001) ("A mere scintilla of evidence in support of the nonmovant's position is insufficient. . .; a party will be successful in opposing summary judgment only when it presents 'definite, competent evidence to rebut the motion.'") (citations omitted). It therefore follows that "[c]onclusory allegations. . ., if not supported by the record, will not preclude summary judgment." *Keri*, 458 F.3d at 628 (citation omitted); *see also Carter*, 139 F.3d at 1163 (district courts are not "obligated in considering a motion for summary judgment. . .to scour the record to unearth material factual disputes") (citation omitted); *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996) (district courts "rely on the non-moving party to identify with reasonable particularity the evidence upon which he relies") (citation omitted). It is similarly true that "'mere speculation or conjecture' will not defeat a summary judgment motion." *McCoy*, 341 F.3d at 604 (citation omitted).

**I.     Defendants' Renewed Motion for Summary Judgment**

42 U.S.C. § 12112(a) reads: "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Here, Plaintiff alleges that Defendants violated the ADA when they refused to hire him. In their renewed motion, Defendants argue that "ITA did not hire Plaintiff because it wanted to pursue other more qualified applicants, which is a legitimate, non-discriminatory reason for not pursuing Plaintiff. Plaintiff can produce no evidence demonstrating that this reason was a lie or completely lacked a

factual basis."

To defeat Defendants' renewed motion, Plaintiff must establish the existence of a genuine issue of material fact "using one of two methods. Under the so-called 'direct' method, [a] plaintiff may show either direct or circumstantial evidence that points to a conclusion that the employer acted as it did for illegal reasons. . . .The alternative way to prove discrimination is the familiar burden-shifting *McDonnell Douglas* method." *Timmons v. Gen. Motors Corp.*, 469 F.3d 1122, 1126 (7th Cir. 2006) (citations omitted).

### A. Direct Method

At the outset, the Court notes that "'direct' proof of discrimination is not limited to near-admissions by the employer that its decisions were based on a proscribed criterion. . ., but also includes circumstantial evidence which suggests discrimination albeit through a longer chain of inferences." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007) (citations omitted). More specifically,

> [c]ircumstantial evidence demonstrating intentional discrimination includes: '(1) suspicious timing, ambiguous oral or written statements, or behavior toward or comments directed at other employees in the protected group; (2) evidence, whether or not rigorously statistical, that similarly situated employees outside the protected class received systematically better treatment; and (3) evidence that the employee was qualified for the job in question but was passed over in favor of a person outside the protected class and the employer's reason is a pretext for discrimination.'

*Id.* at 491. Plaintiff argues that circumstantial facts in this case allow him to survive summary judgment by proceeding under the direct method. The Court disagrees.

Plaintiff has not identified any direct evidence or admissions of discrimination in violation

of the ADA.[2]  The Court therefore turns to the "circumstantial evidence" identified by Plaintiff.  Plaintiff initially asserts that "the timing and sequence of Defendants' actions are highly suspicious" and grounds "upon which a jury could infer discriminatory intent."  He points to paragraph 20 of his statement of additional facts to support his allegation that Defendants (specifically, Ronald Sage) invited him to interview for a position during a June 15, 2005 telephone conversation.  But the deposition testimony cited to support paragraph 20 is not admissible evidence.  Instead, the testimony is inadmissible hearsay.  FED. R. EVID. 801; FED. R. EVID. 802; *Bombard*, 92 F.3d at 562 ("The evidence relied upon must be competent evidence of a type otherwise admissible at trial.  Thus, a party may not rely upon inadmissible hearsay in an affidavit or deposition to oppose a motion for summary judgment.") (citations omitted).

It is uncontested that "Plaintiff used a TDD relay service when he contacted. . .Sage on or about June 15, 2005." (Defs.' Statement of Uncontested Material Facts, at ¶71.) The following facts relating to the use of this service are also uncontested:

> A TDD relay is a service used by Plaintiff in which communications are relayed through a third party. . . .Plaintiff used this service by typing a message into a teletypewriter device.  Plaintiff's message is not sent directly to. . .Sage, but rather is transmitted to a third party operator who reads the message orally to. . .Sage by phone. . . .During this process,. . .Sage does not speak directly to Plaintiff, nor does he transmit any written communication to Plaintiff. . . .Sage speaks directly with a third party operator during the TDD relay service call. . . .The third party operator attempts to type into a computer in real time what he or she hears from the other party, in this case. . .Sage.  . . .The third party operator's message is then transmitted to, and will appear on, the Plaintiff's TDD screen.

(Defs.' Statement of Uncontested Material Facts, at ¶¶71-74.)  As Defendants acknowledge, any

---

[2]In fact, Plaintiff concedes that "no one at ITA ever told him that the Company did not hire him because of his hearing impairment, nor did anyone make any disparaging or disapproving comments about his hearing impairment." (*See* Defs.' Statement of Uncontested Material Facts, at ¶57.)

-5-

statements made by Sage to the third-party operator may be admissible as admissions by a party-opponent. *See* FED. R. EVID. 801(d)(2). However, the Court does not need to address that issue because the communications between the third-party operator and Plaintiff are hearsay as Plaintiff is "offer[ing them] in evidence to prove the truth of the matter asserted" – specifically, that Sage invited him to interview for a position.[3] FED. R. EVID. 801(c). Because the parties' summary judgment filings do not reveal that either party (1) deposed the third-party operator or (2) secured his or her affidavit or an admissible transcript of the June 15, 2005 exchange between Sage and Plaintiff, the Court finds that there is no competent evidence to support Plaintiff's allegation that Defendants invited him to interview for a position. *See Bombard*, 92 F.3d at 562. The Court therefore rejects his "suspicious timing" argument.

Plaintiff's second argument – "Defendants' stated rationales for cancelling Plaintiff's interview are beyond belief" – also fails. Plaintiff contends that Defendants refused to hire him because he is deaf. Defendants concede that individuals who reviewed his resume and qualifications (Sage and Timothy Foster) discussed (1) Plaintiff's hearing impairment and (2) Defendants' decision to not hire Plaintiff during the same conversation. (*See, e.g.,* Defs.' Statement of Uncontested Material Facts, at ¶51; Pl's. Statement of Additional Facts, at ¶22.) However, this fact does not support the legitimate inference that Defendants discriminated against Plaintiff on the basis of any

---

[3]The Court adds that the testimony cited to support paragraph 20 is not reliable. Citations to support an uncontested statement of material fact reveal: (1) Plaintiff chose the TDD relay service and (2) the possibility exists that the third-party operator made mistakes or "may have missed even just one word or changed even just one word or one letter that would have changed the context of what [Plaintiff] believed to be an offer for an interview." (*See* Defs.' Statement of Uncontested Material Facts, at ¶71.) Moreover, Plaintiff has not identified any admissible evidence regarding the qualifications, skill level, or experience of the third-party operator that participated in the June 15, 2005 communication. And, finally, it is clear from the parties' filings that Defendants' actions were clearly inconsistent with Plaintiff's allegations regarding the substance of that particular communication.

disability.[4] *See, e.g., Kelly v. Drexel Univ.*, 94 F.3d 102, 109 (3d Cir. 1996) ("[W]e hold that the mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate. . . .that [the] perception caused the adverse employment action. . . .If we held otherwise, then by a parity of reasoning, a person in a group protected from adverse employment actions[,] *i.e.*, anyone, could establish a *prima facie* discrimination case merely by demonstrating some adverse action against the individual and that the employer was aware that the employee's characteristic placed him or her in the group, *e.g.,* race, age, or sex.") (citations omitted); *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 703 (4th Cir. 2001) (same); *Sutton v. Lader*, 185 F.3d 1203, 1208 n.6 (11th Cir. 1999) (same); *Reeves v. Johnson Controls World Servs., Inc.*, 140 F.3d 144, 153 (2d Cir. 1998) (same); *see also Albiero*, 246 F.3d at 932. Instead, the record before the Court reveals: (1) "[u]pon his review of Plaintiff's resume/application,. . .Foster determined that Plaintiff would not be a suitable candidate to pursue based on his lack of professional work experience[,]"[5] (2) "Foster returned Plaintiff's resume to. . .Sage and indicated to him that Plaintiff would no longer be pursued as a candidate because he lacked any relevant work experience and that they should pursue better candidates[,]"[6] and (3) Foster decided to pursue candidates who were more qualified than Plaintiff

---

[4] It is worth noting that the record before the Court establishes the following facts: (1) Plaintiff "does not believe that ITA's educational and work experience prerequisites for the Tax Consultant position are unfair, nor does he contend that they are discriminatory in nature[,]" (2) "Sage mentioned to. . .Foster that Plaintiff used a TDD service when he called, but at that time did not think it would be a problem as they could research an accommodation if needed[,]" and (3) in correspondence sent after Defendants informed Plaintiff of their decision to not hire him, Sage wrote to Plaintiff: "[t]he 'decision makers did discuss the topic of [Plaintiff's] hearing, but felt this was an obstacle that was not insurmountable' and. . .that Defendants decided to pursue more qualified candidates." (Defs.' Statement of Uncontested Material Facts, at ¶¶34, 51; Pl's. Statement of Additional Facts, at ¶25.)

[5] This statement of fact is deemed admitted, as Plaintiff cites to hearsay to support his denial of the same. *See infra* pp. 5-6; (Pl's. Response to Defs.' Statement of Uncontested Material Facts, at ¶46.)

[6] This statement of fact is deemed admitted, as Plaintiff cites to hearsay to support his denial of the same. *See infra* pp. 5-6; (Pl's. Response to Defs.' Statement of Uncontested Material Facts, at ¶50.)

before learning about Plaintiff's hearing impairment.[7]  (*See* Defs.' Statement of Uncontested Material Facts, at ¶¶46, 50, 52.)  Additionally, Plaintiff never identifies the individual who was ultimately hired to fill the position for which he applied.  The Court therefore finds that Plaintiff has not stated a *prima facie* ADA claim under the direct method.

### B. Indirect Method

The Court now turns to the indirect, burden-shifting method.  "[U]nder this approach, a

---

[7]The facts recited in paragraph 52 of Defendants' statement of uncontested material facts will be admitted over Plaintiff's unsupported denial.  Defendants cite to admissible evidence to support the facts recited in that paragraph.  Plaintiff denies those facts and cites to two sources: (1) the e-mail from Sage to Plaintiff summarized in paragraph 25 of Plaintiff's statement of additional facts (Pl's. Ex. 15) and (2) the EEOC's April 18, 2006 Determination (Pl's. Ex. 24).  With respect to the latter source, Plaintiff states that "Foster also told the EEOC investigator Plaintiff's disability was not discussed."  Neither of these sources contradicts or calls into question the facts recited in paragraph 52.  First, the e-mail in no way suggests that Foster did not decide to pursue other candidates before learning about Plaintiff's hearing impairment.  (*See* Pl's. Statement of Additional Facts, at ¶25.)  Second, the Court will not treat the EEOC Determination as admissible evidence for the purpose of deciding Defendants' summary judgment motions.  *See Young v. James Green Management, Inc.*, 327 F.3d 616, 624 (7th Cir. 2003) ("'the district court retains significant discretion as to whether [administrative findings regarding claims of discrimination] ought to be admitted'") (citations omitted); *Halloway v. Milwaukee County*, 180 F.3d 820, 827 n.9 (7th Cir. 1999) (same); *see also Bombard*, 92 F.3d at 562.  Plaintiff claims that the Determination references statements made to an EEOC investigator by a witness – Foster – who was deposed in the instant lawsuit.  The Determination also generally refers to credibility determinations based on "facts and evidence" provided by Sage and Foster – "facts and evidence" that Plaintiff argues contradict admissible testimony provided by the same two witnesses in this case.  Both parties had the opportunity in this lawsuit to seek discovery from and question/cross-examine Sage and Foster.  The Court therefore sees no compelling reason to admit the EEOC Area Director's conclusory findings with respect to statements made by Sage and Foster in administrative proceedings, unless those findings are trustworthy and reliable.  Here, Plaintiff does not cite to any document or evidence (*e.g.*, hearing transcript, written statement, report), admissible or otherwise, from which the Court could determine whether the EEOC Area Director's summary findings are trustworthy and reliable.  Instead, Plaintiff concedes the existence of such material and suggests that there exists an additional layer of hearsay by referencing statements made to an "EEOC investigator" in his response.  The Court is therefore not inclined to admit the findings for the purpose of deciding Defendants' motions.  In fact, the Court has reason to suspect that the EEOC findings may not be trustworthy or reliable because they contradict admissible evidence from at least one witness – Foster – who provided testimony in this case.  *See* FED. R. EVID. 802 ("[h]earsay is not admissible"); FED. R. EVID. 803(8)(C) ("The following are not excluded by the hearsay rule, even though the declarant is available as a witness:. . .[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth. . .in civil actions and proceedings. . .factual findings resulting from an investigation made pursuant to authority granted by law, *unless the sources of information or other circumstances indicate lack of trustworthiness.*") (emphasis added).

-8-

plaintiff must first make out a prima facie case of discrimination." *Timmons*, 469 F.3d at 1126 (citation omitted). To do so, Plaintiff "must show: (1) that he is disabled within the meaning of the ADA, (2) that he was qualified for the [position for which he applied], (3) that he was subject to an adverse employment action[8], and (4) that the circumstances surrounding the adverse action indicate that it is more likely than not that his disability was the reason for it." *Lawson v. CSX Transp., Inc.*, 245 F.3d 916, 922 (7th Cir. 2001) (citations omitted). Defendants are only required to "offer a lawful, nondiscriminatory reason for [their] adverse action" if Plaintiff "succeeds in demonstrating the elements of a prima facie case. . . ." *Id.* at 922-23 (citation omitted). Here, Plaintiff identifies no admissible evidence or fact to support the fourth element. Defendants are therefore entitled to judgment on Plaintiff's ADA claim as a matter of law.

Plaintiff summarily states in his response that "[i]t is uncontested that Plaintiff meets all of the required elements of the prima facie case except that Defendants contest Plaintiff's qualification with only [sic] with respect to work experience." To that end, Plaintiff identifies additional facts which he argues (when coupled with the "circumstantial evidence" that the Court has already rejected) create a *prima facie* case that survives summary judgment. As an initial matter, the Court disagrees that Defendants only contest that Plaintiff was qualified for the position for which he applied. As noted above, Defendants argue in their renewed motion that "ITA did not hire Plaintiff because it wanted to pursue other more qualified applicants, which is a legitimate, non-discriminatory reason for not pursuing Plaintiff. Plaintiff can produce no evidence demonstrating that this reason was a lie or completely lacked a factual basis." This argument alone forces Plaintiff

---

[8]Defendants do not dispute that the refusal to hire an individual may constitute an adverse employment action. *See also Chalfant v. Titan Distrib., Inc.*, 475 F.3d 982, 990 (8th Cir. 2007) ("The refusal to hire a person is an adverse action.") (citation omitted).

to identify specific facts with respect to the fourth element. Specifically, it challenges whether there exists any admissible evidence or fact that suggests "the circumstances surrounding the adverse action indicate that it is more likely than not that his disability was the reason for it." *Lawson*, 245 F.3d at 922 (citations omitted); *see also Keri*, 458 F.3d at 628; *Salas*, 493 F.3d at 921. The Court therefore turns to the additional "circumstantial evidence" identified in Plaintiff's filings. *See Unterreiner v. Volkswagen of Am., Inc.*, 8 F.3d 1206, 1212 (7th Cir. 1993) ("A district court also exercises its prerogative to assess evidence at the summary judgment stage by determining whether an alleged factual conflict is 'genuine.' Not every alleged factual conflict creates a 'genuine' issue of material fact.").

Plaintiff first argues that the facts suggest Defendants offered shifting rationales for their decision to not hire Plaintiff, and that these position shifts create a genuine issue of material fact with respect to the reasons for their decision. Specifically, Plaintiff points to Defendants' statements to the EEOC (one of which was made by Larry Lang) that the position for which Plaintiff applied was offered to Rick Enriquez, "another more qualified applicant." (*See* Pl's. Statement of Additional Facts, at ¶28[9].) Because it was ultimately determined that Enriquez was hired before Sage first contacted Plaintiff (*see* Pl.'s Statement of Additional Facts, at ¶29), Plaintiff argues that Defendants "were forced to change their reason for not hiring Plaintiff to conform to the facts. Defendants now claim that. . .they did not hire Plaintiff because they wanted to pursue more

---

[9]Plaintiff's Exhibit 16, an evidentiary source cited to support this fact, was not provided to the Court with Plaintiff's filings. Nevertheless, paragraph 28 was admitted by Defendants. *See* N.D. Ill. L.R. 56.1. That noted, the Court is unable to determine the author of or signatory to Defendants' EEOC position statement referenced in paragraph 28. Defendants represent only that the position statement "was submitted by a non-lawyer." (*See* Defs.' Reply, at p. 9 n.7.)

-10-

qualified candidates."[10] (*See id.*, at ¶32.) While the fact that Enriquez was not hired by Defendants to fill the position for which Plaintiff applied may be relevant to Lang's and/or Defendants' credibility, it is insufficient to defeat Defendants' motion. *See Keri*, 458 F.3d at 628; *Dugan v. Smerwick Sewerage Co.*, 142 F.3d 398, 406 (7th Cir. 1998) ("the prospect of challenging a witness' credibility is not alone enough to avoid summary judgment") (citation omitted); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) ("[T]he district court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial.") (citations omitted); *Perfetti v. First Nat'l Bank of Chicago*, 950 F.2d 449, 452, 456 (7th Cir. 1991) ("The standards for granting summary judgment, a directed verdict, and a judgment notwithstanding the verdict. . .are essentially the same; all of these motions 'call upon the court to make basically the same determination – that there is no genuine issue of fact and that the moving party is entitled to prevail as a matter of law. . . .[T]o avoid a directed verdict or a JNOV, '[a] plaintiff must do more than merely argue that the jury might have chosen to disbelieve all of the defendant's evidence. . . . [A] plaintiff must offer substantial evidence to support the argument.'") (citations omitted). Lang's and/or Defendants' inaccurate statements to the EEOC with respect to the timing of Enriquez's hiring do not support the legitimate inference that Plaintiff was discriminated against because of his hearing impairment. *See Albiero*, 246 F.3d at 932; *cf. Adreani v. First Colonial Bankshares Corp.*, 154 F.3d 389, 397 (7th Cir. 1998) ("An employee's attempt to avoid summary judgment with 'an unadorned claim that a

---

[10]For the record, paragraph 31 in Plaintiff's statement of additional facts is supported by inadmissible evidence (the EEOC's April 18, 2006 Determination (Pl's. Ex. 24)) and was not considered by the Court for the purpose of deciding Defendants' summary judgment motions. *See infra* p. 8 n.7.

jury might not believe [defendant's] explanation for his termination' cannot succeed without 'evidence suggesting that [defendant] itself did not honestly believe that explanation.'") (citation omitted). Here, Lang's and/or Defendants' EEOC statements and Defendants' summary judgment filings consistently show that Plaintiff was not hired because Defendants sought a more qualified individual. *See infra* pp. 7-8. And because Plaintiff has not identified the individual who was ultimately hired to fill the position for which he applied, Lang's and/or Defendants' inaccurate statements regarding the timing of Enriquez's hiring are not material and are therefore insufficient to defeat Defendants' motion. *See Keri*, 458 F.3d at 628; *McCoy*, 341 F.3d at 604; *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) ("Not all factual disputes warrant the denial of summary judgment; only disputes as to facts material to the substantive claim require resolution by trial.") (citation omitted); *Nutrasweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 785 (7th Cir. 2000) ("'If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.'") (citation omitted).

Plaintiff next argues that inconsistent witness testimony with respect to who was involved in the decision to not hire Plaintiff creates a genuine issue of material fact. The Court does not agree. Regardless of who Lang (an individual who neither party suggests was involved in the decision) believed were decision-makers or whether Sage was properly labeled a "decision-maker," the record before the Court establishes: (1) "Plaintiff submitted an application for a Tax Consultant position by e-mailing his resume to. . .Sage [on June 9, 2005,]" (2) "Sage determined that Plaintiff's resume met the minimum educational requirements for the position as Plaintiff possessed a J.D. and a[] L.L.M. in taxation[,] (3) "Sage forwarded [Plaintiff's] resume and cover letter to Foster. . .on

June 10, 2005[,]" (4) Sage did so "in accordance with his usual practice[,]"[11] (5) "[u]pon his review of Plaintiff's resume/application,. . .Foster determined that Plaintiff would not be a suitable candidate to pursue based on his lack of professional work experience[,]" (6) "Foster returned Plaintiff's resume to. . .Sage and indicated to him that Plaintiff would no longer be pursued as a candidate because he lacked any relevant work experience and that they should pursue better candidates[,]" (7) "Sage mentioned to. . .Foster that Plaintiff used a TDD service when he called, but at that time did not think it would be a problem as they could research an accommodation if needed[,]" (8) Foster decided to pursue candidates who were more qualified than Plaintiff <u>before</u> learning about Plaintiff's hearing impairment, and (9) "Sage subsequently informed Plaintiff in an e-mail on June 21, 2005 that they had decided 'to pursue other candidates whose qualifications better fit the needs of our client base.'" (Defs.' Statement of Uncontested Material Facts, at ¶¶41, 43, 45-46, 50-53; Pl's. Statement of Additional Facts, at ¶8, 17.) The Court therefore finds that the inconsistencies identified by Plaintiff are not material and are therefore insufficient to create a genuine issue of material fact with respect to whether the circumstances surrounding the adverse action indicate that it is more likely than not that his disability was the reason for it. *See Smith*, 242 F.3d at 744; *Nutrasweet Co.*, 227 F.3d at 785; *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996) ("Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute.") (citation omitted).

Finally, Plaintiff raises the fact that Sage's June 21, 2005 e-mail responding to Plaintiff's June 21, 2005 e-mail "asking Sage if [Plaintiff's] deafness was the reason why his interview had

---

[11]This statement of fact is deemed admitted, as Plaintiff cites to hearsay to support his denial of the same. *See infra* pp. 5-6; (Pl's. Response to Defs.' Statement of Uncontested Material Facts, at ¶45.)

been revoked" does not specifically address whether an interview was ever offered. (Pl's. Statement of Additional Facts, at ¶¶24-25.) This fact does not satisfy Plaintiff's burden when responding to Defendants' summary judgment motion. *See Keri*, 458 F.3d at 628. There could be any number of reasons why Sage did not address Plaintiff's reference to the revocation of an alleged interview. Plaintiff offers only speculation as to why Sage drafted his response as he did. Speculation is insufficient to create a genuine issue of material fact. *See McCoy*, 341 F.3d at 604.

In summary, Plaintiff has not identified a single fact or piece of evidence that creates a genuine issue of material fact with respect to whether the circumstances surrounding the adverse action indicate that it is more likely than not that his disability was the reason for it. On the whole, the "circumstantial evidence" identified by Plaintiff is inadmissible, immaterial, or pure speculation and therefore insufficient to show that a "reasonable jury could find for [him].'" *Keri*, 458 F.3d at 627. Accordingly, the Court finds that there is no triable claim in this case and Defendants are entitled to judgment as a matter of law.

## II. IPA's and IBA's Separate Motion for Summary Judgment

In their separate motion, IPA and IBA argue that because "the position for which Plaintiff applied was with [ITA, IPA and IBA] would have never been an 'employer' of Plaintiff and, therefore, have no liability to Plaintiff under the [ADA]." Because the Court finds that Defendants are entitled to judgment as a matter of law with respect to Plaintiff's ADA claim, it does not need to address this motion. The Court therefore denies IPA's and IBA's separate motion for summary judgment without prejudice as moot.

**ORDERED**: Defendants' Renewed Motion for Summary Judgment [52] is granted. Judgment will be entered in favor of Defendants on Count I of Plaintiff's amended complaint.

Judgment will be set forth on a separate document and entered in the civil docket. FED. R. CIV. P. 58(a)(1), 79(a). IPA's and IBA's Separate Motion for Summary Judgment [57] is denied without prejudice as moot.

**DATED:**  November 1, 2007     **ENTERED:** _____
George W. Lindberg
Senior United States District Judge